## No. 1406.

### THE STATE OF LOUISIANA VS. JAMES WASHINGTON.

In case a party is charged with burglary and larceny, in one court, and is tried and found guilty as charged, and thereafter files a motion for a new trial on the *sole* ground that the proof adduced was insufficient to sustain the indictment for burglary: *Held*, that, at this stage of the proceedings, it was competent and admissible for the District Attorney to enter a *nolle prosequi* as to the charge of burglary and prevent a new trial being granted.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson, J.*

*D. C. Scarborough* and *John A. Ogden,* District Attorney for the State, Appellee.

*Cunningham & Tucker* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. The accused was indicted, tried and convicted of

the crimes of burglary and larceny, and he thereupon filed a motion for a new trial. Pending the trial of this motion, the District Attorney entered a *nolle prosequi* as to the charge of burglary, and the trial judge overruled the same, and sentenced him to two years' imprisonment at hard labor in the State penitentiary, and he has appealed.

For a reversal of the sentence and judgment appealed from, defendant relies exclusively upon his assignment of two errors in this court: (1) that his affidavit for a continuance, to procure the attendance and testimony of an absent witness, was arbitarily and illegally refused; (2) that the District Attorney's *nolle prosequi* was illegally entertained and allowed.

I.

To the trial judge's declination and refusal to grant the defendant a continuance, the defendant's counsel retained no bill of exceptions, and his mere assignment of *a matter of fact* as a relievable error is without efficacy. See State vs. Frazier, No. 1395, on the docket just decided.

II.

The motion for new trial recites that the verdict was contrary to law and evidence, in that the *only* evidence against the accused was the presumption of guilt, arising from the possession of the stolen property, and that it was wholly insufficient and without effect to sustain the charge of burglary. It did not aver that such proof was insufficient to sustain the charge of larceny. But his counsel's contention is, that inasmuch as the crimes of burglary and larceny are charged against the defendant, conjunctively, in one count, the allowance of a new trial necessarily and unavoidably results, if the premises be conceded, viz., that burglary was not proven, because the verdict, like the indictment, is one and indivisible.

But the motion for new trial does not involve the structure of the indictment; only the correctness of the verdict found under t. The *nolle prosequi* does go to the validity of the indictment, and was intended to cure the defectiveness of the verdict, in the identical particulars complained of in the defendant's motion.

Now, it is not alleged that the indictment was originally defective, in that it preferred against the defendant both the charges of burglary and larceny in one count; nor is it claimed that it was beyond the competency of the District Attorney to have entered, before

trial, a *nolle prosequi* of either, and gone to trial on the one remaining at issue. And it is not easily perceived how the *status* of the indictment has been changed by a non-consummated verdict, the finality of which has been suspended by the defendant's motion. Had the motion been granted and a new trial awarded, the accused would accomplish nothing additional in the way of relief which the *nolle prosequi* has not already conferred.

This question being one of law, a bill of exceptions was not required to bring it up for review.

Judgment affirmed.